793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISSAC J. MOORE, Plaintiff-Appellant,
v.
MICHAEL LYNCH, DETECTIVE, Defendant-Appellee.
 84-6040
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MERRITT and JONES, Circuit Judges, and THOMAS, Senior District Judge.*
 
 
 3
 This pro se Tennessee state prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The complaint was dismissed as frivolous under 28 U.S.C. Sec. 1915(d) because the plaintiff failed to show on what basis the district court could obtain personal jurisdiction over the defendant. The defendant is an inspector of the Tacoma, Washington Police Department who allegedly violated plaintiff's fourth and fourteenth amendment rights by searching plaintiff's suitcases without a warrant while the suitcases were in a Tacoma bus depot.
 
 
 4
 Not finding any basis for exercising personal jurisdiction over the defendant, the Magistrate advised the plaintiff that his suit would be dismissed within twenty days unless he amended his complaint to show a legal or factual basis for obtaining personal jurisdiction over the defendant. For the convenience of the plaintiff, the Magistrate provided the plaintiff with copies of the federal and Tennessee state civil rules pertaining to service of process on people unavailable to personal service within the state. In his amendment to the complaint, the plaintiff cited to statutes and rules regarding general subject matter jurisdiction, and he requested the court to exercise its discretion to transfer the case to a more convenient place of venue.
 
 
 5
 On appeal, plaintiff reiterates that the defendant violated his constitutional rights by conducting an illegal search and seizure of his suitcases. Plaintiff cites to several civil rights statutes to support the district court's exercise of jurisdiction over his underlying claim.
 
 
 6
 Upon a review of the cause, this Court concludes that the district court properly dismissed plaintiff's suit as frivolous because there is simply no basis for the district court to obtain personal jurisdiction over the Tacoma, Washington defendant. The plaintiff seems to confuse the district court's power to exercise jurisdiction over his underlying claim, known as subject matter jurisdiction, with the fourteenth amendment requirement that the district court also obtain personal jurisdiction over the defendants named in the suit. Clearly, the plaintiff failed to show any basis for the district court to obtain personal jurisdiction over the named defendant; no basis is otherwise apparent to this Court. The defendant has not purposely established minimal contacts, much less random and attenuated contacts, within the forum State of Tennessee. See generally, Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2182-85 (1985); Chattanooga Corp. v. Klingler, 704 F.2d 903 (6th Cir. 1983). Nor is there any indication that the defendant expressly or impliedly consented to personal jurisdiction in the district court. See Burger King Corp. v. Rudzewicz, 105 S.Ct. at 2182 n.14.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation